```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 09-22945-CIV-GRAHAM
                                    MAGISTRATE JUDGE P.A. WHITE

JOSHUA C. DANCHAK,              :

      Plaintiff,                :

v.                              :

MIAMI DADE COUNTY                             REPORT
CORRECTIONS, ET AL              :       OF MAGISTRATE JUDGE
                                              (DE#42)
      Defendant.                :
```

## I. Introduction

The plaintiff Joshua C. Danchak, now confined in Okaloosa Correctional Institution, filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 for damages and other relief on April 30, 2009. [DE# 1]. The plaintiff named only a John[1] and Jane Doe. The plaintiff was ordered to file an amended complaint. He is proceeding in forma pauperis.(DE#7). Following the initial screening of the amended complaint, the complaint was permitted to proceed against Defendant Director Timothy Ryan, solely for the purpose of obtaining discovery.

This cause is presently before Ryan's Motion for Judgment on the pleadings pursuant to Fed.R.Civ.P 12(DE#42)[2]

## II. Analysis

---

[1] John Doe was dismissed for failure to state a claim.

[2] This Report was originally done in October, but was not docketed.

The plaintiff claims that while confined in the Metro West Detention Center on or about July, 2007, he was harassed by inmates because of his sexual orientation. One of the inmates entered his cell and assaulted him. He claims that the officer on duty, whose desk was within approximately 20 feet from the assault, did not come to his aid until a back-up unit arrived. He was transported to Jackson Memorial hospital and was operated on for a broken nose. At that time he received pain medication. When he was shipped back from the infirmary to the detention center, he received no follow up medical care for about a month. He was then provided with pain medication. He alleges that the correctional officer failed to protect him from the assault.

Upon Preliminary screening, it was found that the plaintiff stated a claim for endangerment at the initial stage.  It is well settled that the failure of prison officials to control or separate prisoners who endanger the physical safety of other prisoners may, under certain conditions, constitute an Eighth Amendment deprivation; however, the constitutional rights of inmates are not violated every time one inmate is injured as a result of another's actions.[3] Smith v. Wade, 461 U.S. 30 (1983); Redman v. County of San Diego, 896 F.2d 362, 364-66 (9 Cir. 1990) (pretrial detainee); Zatler v. Wainwright, 802 F.2d 397, 400 (11 Cir. 1986) (convicted prisoner); Stokes v. Delcambre, 710 F.2d 1120, 1124, (5 Cir. 1983); Jones v. Diamond,  636 F.2d 1364, 1374 (5 Cir. 1981); Gates v. Collier, 501 F.2d 1291, 1308-10 (5 Cir. 1974).

---

[3] Because the plaintiff was a pretrial detainee at the time of the events alleged, his claims must be analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Cruel and Unusual Punishment Eighth Amendment standard. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Hamm v. DeKalb County, 774 F.2d 1567, 1571-74 (11 Cir. 1985).

The constitution requires officials to take all reasonable precautions to protect inmates from known dangers, see Davidson v. Cannon, 474 U.S. 344 (1986); Smith v. Wade, supra; Zatler v. Wainwright, supra; Harmon v. Berry, 728 F.2d 1407 (11 Cir. 1984); Saunders v. Chatham County Board of Commissioners, 728 F.2d 1367 (11 Cir. 1984); Abrams v. Hunter, 910 F.Supp. 620 (S.D.Fla. 1995); Gangloff v. Poccia, 888 F.Supp. 1549, 1555 (S.D.Fla. 1995).

The allegations in the complaint were sufficient to state a claim which is cognizable under §1983 for endangerment, Smith v. Wade, and Zatler v. Wainwright, supra.

However, the plaintiff failed to name a specific defendant, and identified the deputy as Jane Doe. As stated in the Preliminary Report, service cannot be effected upon a Jane Doe, and the plaintiff must determine her identity. The plaintiff names Timothy Ryan as Director of Corrections at Miami Dade, although there are no specific allegations made against this defendant. However, Ryan was served for the sole purpose of allowing the plaintiff, through discovery, to obtain the identify of the Jane Doe Correctional Officer. Ryan filed an Answer on April 2, 2010, and a pre-trial scheduling order was entered. The plaintiff was permitted to obtain discovery through August 2, 2010. Clearly, his attempts proved futile.

### Ryan's Motion for Judgement on the Pleadings

Ryan now seeks dismissal from this suit. The plaintiff has had time to obtain discovery and has not been able to obtain the name of the defendant who allowed him to be assaulted.  It is unclear what attempts the plaintiff made to obtain this discovery from Director Ryan and whether Ryan attempted to obtain the name of the officer.

3

However, by serving Ryan, the case was not dismissed outright, but held open for a period of time to enable to the plaintiff to try and obtain the name of the officer who permitted his alleged assault. He has failed to provide the Court with the name of the defendant other than Jane Doe.

### III.   Recommendation

Based on the foregoing, it is recommended as follows:

1. The motion for Judgment on the Pleadings filed by Defendant Ryan (DE#42) be granted.

2. This case be closed.

3. If the plaintiff can provide the Court with the identity of Officer Jane Doe, with his objections, the claim of endangerment shall proceed against her.


Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 2nd  day of December, 2010.

_____
UNITED STATES MAGISTRATE JUDGE


cc:   Joshua C. Danchak, Pro Se
      #S18399
      Okaloosa CI
      Address of Record

4

```
Michael Nadler, Esq.
Assistant County Attorney- Miami Dade
Address of record
```